Columbus Bar Association *v.* Dye.

[Cite as *Columbus Bar Assn. v. Dye* (1998), 82 Ohio St.3d 64.]

(No. 97–1904—Submitted March 25, 1998—Decided June 3, 1998.)

*Richard F. Swope* and *Bruce A. Campbell,* for relator.

*Chester, Willcox & Saxbe* and *J. Craig Wright; Plymale & Associates* and *Andrew W. Cecil,* for respondent.

---

ALICE ROBIE RESNICK, J.   We adopt the findings, conclusions of law, and recommendation of the board.   The above-cited Disciplinary Rules prohibit an attorney from engaging in conduct prejudicial to the administration of justice, collecting an illegal or clearly excessive fee, revealing a client's confidence or secret, using a client's confidence or secret to the disadvantage of the client, using a client's confidence for the advantage of a third person, accepting multiple employment when the attorney's independent professional judgment will be adversely affected, continuing multiple employment when the attorney's independent professional judgment will be adversely affected, and failing to promptly pay or deliver to the client funds to which the client is entitled.   In the case *sub judice,* respondent failed to return the remainder of the fee Vickie Stringer paid him for representing her;  he represented both Vickie and Rodney Stringer when

that dual representation adversely affected respondent's independent professional judgment; and he revealed his former client Vickie Stringer's confidences before other attorneys and the court to her detriment. Respondent has thus violated the Disciplinary Rules as alleged.

Additionally, this is respondent's second disciplinary action. The disciplinary panel noted that on May 20, 1981, this court publicly reprimanded respondent for a violation of DR 1–102(A)(1), (4), (5), and (6). *Columbus Bar Assn. v. Dye* (May 20, 1981), Supreme Ct. No. 81–7, unreported.

Respondent is hereby suspended from the practice of law in Ohio for a period of two years. Respondent is also ordered to pay restitution of the entire $25,000 fee to Vickie Stringer. Full restitution shall also be a condition for any application for reinstatement. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.