**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 64.]**

COLUMBUS BAR ASSOCIATION *v*. DYE.

[Cite as *Columbus Bar Assn. v. Dye*, 1998-Ohio-266.]

*Attorneys at law—Misconduct—Two-year suspension—Engaging in conduct prejudicial to the administration of justice—Collecting an illegal or clearly excessive fee—Revealing a client's confidence or secret—Using a client's confidence for the advantage of a third person—Accepting multiple employment when independent professional judgment will be adversely affected—Continuing multiple employment when independent judgment will be adversely affected—Failing to promptly pay or deliver to client funds to which client is entitled.*

(No. 97-1904—Submitted March 25, 1998—Decided June 3, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-85.

————————————

{¶ 1} On October 10, 1995, relator, Columbus Bar Association, filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") against respondent, Lewis William Dye of Columbus, Ohio, Attorney Registration No. 0013021. Relator charged respondent with violating DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 2-106(A) (collecting an illegal or clearly excessive fee), 4-101(B)(1) (revealing a confidence or secret of a client), 4-101(B)(2) (using a confidence or secret of a client to the disadvantage of the client), 4-101(B)(3) (using a confidence of a client for the advantage of a third person), 5-105(A) (accepting multiple employment when the attorney's independent professional judgment will be adversely affected), 5-105(B) (continuing multiple employment when the

attorney's independent professional judgment will be adversely affected), and 9-102(B)(4) (failing to promptly pay or deliver to the client funds to which the client is entitled). On May 13, 1996 and June 3, 1996, a three-member panel appointed by the board held a hearing at which the following facts were adduced.

{¶ 2} On September 16, 1994, Vickie Stringer and her brother Rodney Stringer were arrested on federal charges of conspiracy to distribute cocaine and of possession and distribution of cocaine. Within a few days of their arrest, Vickie arranged for some friends of hers to contact respondent to arrange for her representation. Upon Vickie's request, these friends delivered $25,000 in cash to respondent. This was Vickie's money, not Rodney's. Even though respondent was under the impression that he had been hired to represent both Vickie and Rodney and that the fee covered representation of either or both, neither Vickie nor Rodney discussed with respondent the fees associated with paying for Rodney's representation; Vickie intended that the $25,000 pay for her representation.

{¶ 3} At the bond hearing on the federal charges, respondent represented both Rodney and Vickie. Following this hearing, Vickie decided to terminate respondent's representation of her. She informed respondent of her decision and requested the return of her money, less ten percent for the representation up to that point, in a telephone conversation and again in person when he visited her in detention. Rodney did not terminate respondent's representation of him until after Rodney entered his plea of guilty to the federal charges. Respondent did not return the $25,000 paid to him.

{¶ 4} In November 1994, attorneys William Barkan and Terry K. Sherman began representing Vickie on her federal charges. On April 3, 1995, the federal district court held a "conflict of interest" hearing at which respondent represented Rodney and attorneys Barkan and Sherman represented Vickie. The hearing was requested by the federal prosecutors to inquire into any conflicts of interest that could result from respondent's having represented both Vickie and Rodney during

the preliminary period of the criminal case. Pursuant to the federal sentencing guidelines, a criminal defendant's sentence may be reduced if substantial assistance is provided to the prosecution. As a result, co-defendants may often be put in the position of testifying against each other, and therefore an attorney representing multiple co-defendants may be required, in order to help one client, to reveal privileged and confidential information of another client. The federal prosecution requested the April 3, 1995 hearing to determine whether respondent had been placed in such a position.

{¶ 5} At the hearing, respondent stated:

"Your honor, based on what the magistrate had said initially, I thought it was possible I could represent both of them. My real concern in this case, when I initially met Vickie, was whether or not we should entertain potentially getting a psychiatrist involved. And that was my initial concern.

" * * *

" * * * Vickie, my first concern when I met her, was her psychiatric condition. I don't have a terribly large amount of experience with psychiatric patients, but she had some severe problems, I felt. The magistrate advised her, I advised her, Mr. Fleck advised her, and I listened to her on two or three occasions for fairly extensive periods of time and she discussed this situation. At no time did she implicate herself in any wrongdoing of any sort.

"I know what the facts are and I am sure the Court is somewhat aware of the allegations that the government has brought. That was one of the problems I had with Vickie was trying to—when I dealt with her, I didn't feel she was in touch with reality. Rodney and I have discussed this at great length."

{¶ 6} Following this hearing and as a result of respondent's comments in open court, various attorneys representing the other defendants in the case filed motions with the court to have Vickie examined by psychiatrists and psychologists.

According to the board report, the panel found that there was insufficient

evidence to establish violations of DR 1-102(A)(4) and 4-101(B)(3). The panel found sufficient clear and convincing evidence to establish violations of DR 1-102(A)(5), 2-106(A), 4-101(B)(1) and (2), 5-105(A) and (B), and 9-102(B)(4). A majority of the panel recommended that respondent be suspended from the practice of law for two years, with the second year held in abeyance and that respondent be on probation during that second year. The majority of the panel also recommended that respondent make restitution to Vickie Stringer of the entire $25,000 attorney fee. One panel member recommended imposition of a two-year suspension in addition to restitution of the $25,000 fee.

{¶ 7} The board adopted the panel's findings and conclusions of law,[1] but recommended that respondent be suspended from the practice of law for two years and make full restitution to Vickie Stringer in the amount of $25,000.

---

*Richard F. Swope* and *Bruce A. Campbell*, for relator.

*Chester, Willcox & Saxbe* and *J. Craig Wright; Plymale & Associates* and *Andrew W. Cecil*, for respondent.

---

**ALICE ROBIE RESNICK, J.**

{¶ 8} We adopt the findings, conclusions of law, and recommendation of the board. The above-cited Disciplinary Rules prohibit an attorney from engaging in conduct prejudicial to the administration of justice, collecting an illegal or clearly excessive fee, revealing a client's confidence or secret, using a client's confidence or secret to the disadvantage of the client, using a client's confidence for the advantage of a third person, accepting multiple employment when the attorney's independent professional judgment will be adversely affected, continuing multiple

---

1. The board's conclusions of law state that the panel found that respondent had violated DR 4-102(B)(1) and (2). Because there is no such Disciplinary Rule, we assume that the board meant "DR 4-101(B)(1) and (2)."

employment when the attorney's independent professional judgment will be adversely affected, and failing to promptly pay or deliver to the client funds to which the client is entitled. In the case *sub judice*, respondent failed to return the remainder of the fee Vickie Stringer paid him for representing her; he represented both Vickie and Rodney Stringer when that dual representation adversely affected respondent's independent professional judgment; and he revealed his former client Vickie Stringer's confidences before other attorneys and the court to her detriment. Respondent has thus violated the Disciplinary Rules as alleged.

{¶ 9} Additionally, this is respondent's second disciplinary action. The disciplinary panel noted that on May 20, 1981, this court publicly reprimanded respondent for a violation of DR 1-102(A)(1), (4), (5), and (6). *Columbus Bar Assn. v. Dye* (May 20, 1981), Supreme Ct. No. 81-7, unreported.

{¶ 10} Respondent is hereby suspended from the practice of law in Ohio for a period of two years. Respondent is also ordered to pay restitution of the entire $25,000 fee to Vickie Stringer. Full restitution shall also be a condition for any application for reinstatement. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.

_____